## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Lance Seymore,**
**Claimant Below, Petitioner**

**v.)**  **No. 22-0376**  (BOR Appeal No. 2057510)
(JCN: 2014018601)

**Shaft Drillers International, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Lance Seymore appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Shaft Drillers International, LLC, filed a timely response.[1] The issue on appeal is the denial of Mr. Seymore's request for attorney's fees. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the Board of Review's decision is appropriate. *See* W. Va. R. App. P. 21.

Mr. Seymour lodged a protest of the claim administrator's decision denying the addition of reflex sympathetic dystrophy (now called complex regional pain syndrome) to the claim. The claim administrator issued a corrected decision over a year later adding complex regional pain syndrome to the claim. Accordingly, the Office of Judges dismissed Mr. Seymour's protest to the original claim administrator decision as moot. Mr. Seymour then filed a petition for attorney's fees.

The Office of Judges entered an order concluding that it did not have jurisdiction in this case to grant Mr. Seymour's request for attorney's fees because the claim administrator corrected its initial denial of the addition of complex regional pain syndrome to the claim. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its order on April 21, 2022.

This Court may not reweigh the evidentiary record, but must give deference to the findings, reasoning, and conclusions of the Board of Review, and when the Board's decision affirms prior rulings by both the Workers' Compensation Commission and the Office of Judges, we may reverse or modify that decision only if it is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is based upon a material misstatement or

---

[1]Petitioner, Lance Seymore, is represented by M. Jane Glauser, and respondent, Shaft Driller International, LLC, is represented by Maureen Kowalski.

mischaracterization of the evidentiary record. *See* W. Va. Code § 23-5-15(c) & (d). We apply a de novo standard of review to questions of law. *See Justice v. W. Va. Off. Ins. Comm'n*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012).

On appeal, petitioner argues that the Office of Judges and Board of Review erred in denying the award of attorney's fees. He asserts that the claim administrator's initial denial of the addition of complex regional pain syndrome to the claim was unreasonable, and although the claim administrator corrected its initial denial, such correction did not happen for over a year, resulting in several hours of legal work including the filing of evidence, hearings, and a deposition.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. West Virginia Code § 23-2C-21(c) states, in part, that "[u]pon a determination by the Office of Judges . . . that a denial of compensability, a denial of an award of temporary total disability benefits or a denial of an authorization for medical benefits was unreasonable, reasonable attorney's fees and the costs actually incurred in the process of obtaining a reversal of the denial shall be awarded to the claimant. . . ." Mr. Seymour argues that he should be awarded attorney's fees because the claims administrator's initial order was unreasonable and there was no explanation provided for the delay in correcting the decision. As the Office of Judges found, however, the claim administrator corrected its initial denial of the request to add complex regional pain syndrome to the claim, and Mr. Seymour's protest was accordingly dismissed as moot. Therefore, because there has never been "a determination by the Office of Judges that a denial . . . of an authorization for medical benefits was unreasonable," the Office of Judges was correct to conclude that it had no jurisdiction to hear the request for attorney's fees.

Affirmed.

**ISSUED: March 20, 2024**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice C. Haley Bunn

**DISSENTING:**

Justice John A. Hutchison
Justice William R. Wooton

Hutchison, Justice and Wooton, Justice, dissenting:

We dissent to the majority's resolution of this case. We would have set this case for oral argument to thoroughly address the error alleged in this appeal. Having reviewed the parties' briefs and the issues raised therein, we believe a formal opinion of this Court was warranted, not a memorandum decision. Accordingly, we respectfully dissent.